# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:03CV491-MU

| | |
|---|---|
| CHARLIE LEE RICHARDSON, )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>HARRY E. WILSON, )<br>      Defendant. ) | ORDER |

**THIS MATTER** is before the undersigned on the following motions: Plaintiff's motion for hearing on objections to subpoenas [doc. 35], Plaintiff's motion to compel documents [doc. 39], Plaintiff's motion to compel subpoena documentation [doc. 40], Plaintiff's motion to compel [doc. 43], Plaintiff's motion to enforce compel motion and motion to strike [doc. 45], Plaintiff's motion to compel [doc. 48], Plaintiff's "court order" (motion to compel discovery regarding location of Van B. Murray) [doc. 50], and Plaintiff's amended motion to compel [doc. 52].

## I. Factual and Procedural Background

This case arises out of the revocation of the Plaintiff's teaching license and the subsequent appeal of the decision to revoke his license. The Plaintiff, who is proceeding pro se, contends that the Defendant, Harry Wilson, a staff attorney for the North Carolina State Board of Education, sabotaged his appeal by removing certain documentation from the record on appeal. The

Plaintiff contends that his constitutional rights were violated by Wilson's actions, and he seeks injunctive relief as well as compensatory and punitive damages.

The Complaint in the case was originally filed on October 8, 2003. The Defendant subsequently filed a motion to dismiss the Complaint which was referred to the Magistrate Judge and then denied by the District Court on November 16, 2004. On or about December 17, 2004, following the death of the presiding judge, the case was reassigned to the undersigned.

Presently pending before the Court are a number of discovery motions filed by Plaintiff.[1] Although the Plaintiff's motions are somewhat unintelligible, it appears that they can be grouped into five categories: (1) a request for a hearing with respect to objections to a subpoena served on the North Carolina State Bar (doc. 35); (2) motions seeking to enforce a federal subpoena (docs. 39 and 40); (3) motions seeking additional discovery from Defendant (docs. 43 and 45); (4) motions seeking to enforce a subpoena served on Michael Thornton (docs. 48 and 52); and (5) motion seeking to discovery the location of a third party witness (doc. 50). The Court will address each of these matters below.

---

[1] The Court notes that the Plaintiff has also sent a number of letters to the Court regarding these various motions which is, as the Plaintiff has been advised, inappropriate. The Plaintiff should refrain from sending such letters in the future.

## II. Analysis

### A. Objections to Subpoena Served on State Bar

On or about December 4, 2004, the Plaintiff served a subpoena on the North Carolina State Bar seeking a summary of all complaints ever filed against Harry Wilson (the Defendant), Thomas Ziko or Laura Crumpler (Wilson's attorneys). On or about December 8, 2004, the State Bar filed an objection to the subpoena on the grounds that the subpoena was invalid because it was not properly signed, and also that the information sought is confidential.

The Plaintiff then filed a response to the objections in which he contends that the subpoena was properly executed, He also requested a hearing but did not respond to the Bar's contention that the information sought was privileged.

As an initial matter, the Court notes that the subpoena appears to have been signed by one of the deputy clerks. Regardless however, of whether or not the subpoena was properly executed, the information sought is privileged. Under Rule 45 of the Federal Rules, a party may not obtain information which is privileged or protected unless some exception or waiver applies to the information. Fed. R. Civ. Proc. 45(c)(3)(A)(iii). According to 27 N.C.A.C. 1B §.0129 of the North Carolina State Bar's Discipline & Disbarment Rules, information concerning disciplinary proceedings must be kept confidential.

The Plaintiff has provided no authority or other basis for discovering the otherwise privileged information. Accordingly, the Court finds that the objections to the subpoena are well-taken and that a hearing on the matter is not necessary.

**B. Motions Seeking to Enforce Federal Subpoena**

On or about January 5, 2005, the Plaintiff served a subpoena on the United States Department of Justice seeking any documentation that it had received from the North Carolina Attorney General's office referencing Plaintiff's complaint against Wilson. The subpoena did not provide a date, time or place for compliance.

Nevertheless, on January 28, 2005, the Plaintiff filed two motions seeking to enforce the subpoenas. In his motion, the Plaintiff accuses the government of conspiring with defense counsel to deny him the subpoenaed information.

In response, the Department of Justice wrote to the Plaintiff and informed him that they did not have any documents in their possession other than correspondence either to or from the Plaintiff himself. In addition, the Department filed a formal response to Plaintiff's motion indicating that all such documentation had been produced.[2]

Since the information sought has been produced, the matter is moot. Accordingly, the Plaintiff's motion to compel with respect to

---

[2] The Court notes that the Department determined that the Plaintiff may not have received a copy of a September 1, 2004, letter but a copy of that letter has now been produced.

this subpoena must also be denied. In so holding, the Court notes that there is no evidence of any conspiracy between the federal government and defense counsel, and the Plaintiff is admonished to refrain from making such accusations without having any factual or legal basis for doing so.

### C. Motions Seeking Additional Discovery

On or about February 11, 2004, the Plaintiff filed a motion to compel in which it contends that Defendant's responses to his written discovery requests are incomplete and evasive. He does not however, identify the specific alleged deficiencies in the Defendant's responses. The Plaintiff also reiterates his claim that defense counsel conspired with the government with respect to the federal subpoena, and he requests sanctions under Rule 11 in connection with his motion to compel.

On February 22, 2005, the Plaintiff filed a second motion to compel and to strike. In this motion, the Plaintiff indicates that he is seeking to compel the production of documents. It appears that the Plaintiff believes that certain relevant documents have not been produced to him; however, he fails to identify the documents or categories of documents that are missing.

In addition, the Plaintiff attaches to his motion information relating to a complaint he made against Ms. Crumpler and Mr. Ziko to the North Carolina Department of Justice. Also attached is a

response from the Department indicating that they investigated the matter and found no evidence of wrong doing.

Finally, the Plaintiff contends that the federal government through its representatives has made "mean spirited and vindictive accusations" against him and he moves to strike those accusations. He does not however, identify the exact documents or specific accusations to which he is referring.

On February 22, 2005, the Defendant filed a response to the motion to compel. First, the Defendant contends that the Plaintiff's discovery requests exceeds the scope of discovery agreed to by the parties. Secondly, the Defendant contends that his responses to Plaintiff's are, in fact, more than adequate and that the Plaintiff has made no attempt to discuss these responses as required by the Rules. Finally, the Defendant refers to the fact that the Plaintiff has bombarded the Attorney General's office with information requests and also issued various complaints concerning defense counsel's character. The Defendant contends that such actions are nothing more than an attempt to harass and annoy the Defendant and his attorneys.

As an initial matter, the Court notes that none of the documentation which has been provided contains any accusations by the federal government's representatives which are improper in any way. In addition, the Plaintiff has failed to show that the Defendant's responses to his discovery requests are inadequate or

that he is otherwise entitled to any relief with respect to his motion. Rather, it appears that the Defendant, as well as the federal government, has been entirely cooperative and forthcoming in producing the requested information.

Accordingly, the Plaintiff's motions to compel and motion to strike, as well as his request for sanctions, must be denied. In addition, the Plaintiff is once again admonished to refrain from making accusations concerning defense counsel, or any other individuals involved in the case, which are without any factual or legal basis.

### D. Motion to Enforce Thornton Subpoena

On or about March 10, 2005, the Plaintiff filed a motion to compel which he subsequently amended on March 15, 2005. Although is not clear on the face of the motion what relief the Plaintiff is seeking, it appears from correspondence attached to the motion that it relates to a subpoena that the Plaintiff served on Mr. Michael Thornton at the Department of Public Instruction seeking the documents in his licensure file.

According to Defendant's response to the motion, Mr. Thornton is not associated with the licensure section at the Department of Public Instruction. In addition, the Plaintiff's request for information was difficult to decipher which also caused some delay in responding. In any event, Mr. Thornton attempted to discern what information was being requested and it has been produced.

The Plaintiff filed a reply to Defendant's response which is also difficult, if not impossible, to decipher. Although he seems to be continuing to complain about defense counsel's handling of the subpoena, he does not identify any deficiencies in the response to the subpoena.

The Court finds that there was nothing improper with respect to the handling of the subpoena. Furthermore, since the requested information has been produced, the motion is moot and, therefore, will be denied. The Court notes that the Plaintiff had also requested sanctions pursuant to Rule 11 which will be denied as well.

### E. Motion Seeking the Address of Witness

On or about March 15, 2005, the Court filed a motion incorrectly titled a "court order" in which he seeks the address of Mr. Van B. Murray, a former employee of the Department of Public Instruction. Although the Plaintiff contends that this individual may have information pertinent to this case, he does not provide any support for his contention. Furthermore, it appears from his motion, that the Plaintiff seeks to contact Mr. Murray about the reinstatement of his license, a matter which is not related to the instant suit.

According to the Defendant, Mr. Murray has no information pertinent to the instant suit since he was in no way involved in any of the underlying proceedings about which the Plaintiff

complains. In addition, Mr. Murray no longer works for the Department of Public Instruction and the Defendant contends that his home address is private information.

The Court finds that the Plaintiff has failed to show that Murray has any information related to his case against Wilson for alleging sabatoging his appeal. Unless and until he can do so, the Defendant is under no obligation to provide the Plaintiff with Murray's home address.

### III. Conclusion

Based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for hearing on objections to subpoenas [doc. 35] be **DENIED;**

2. Plaintiff's motion to compel documents [doc. 39] be **DENIED;**

3. Plaintiff's motion to compel subpoena documentation [doc. 40] be **DENIED;**

4. Plaintiff's motion to compel [doc. 43] be **DENIED;**

5. Plaintiff's motion to enforce compel motion and motion to strike [doc. 45] be **DENIED;**

6. Plaintiff's motion to compel [doc. 48] be **DENIED;**

7. Plaintiff's motion to compel discovery regarding location of Van B. Murray be **DENIED** [doc. 50]; and

8. Plaintiff's amended motion to compel be **DENIED.**

**Signed: May 16, 2005**

*Graham C. Mullen*
Graham C. Mullen
Chief United States District Judge