IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO: 3:03CV491

CHARLIE L. RICHARDSON,
    Plaintiff,

vs.

HARRY E. WILSON,
    Defendant.

ORDER

**THIS MATTER IS BEFORE THE COURT** on motion of the Defendant, Harry E. Wilson ("Wilson"), for summary judgment (Doc. No. 56), with supporting memorandum (Doc. No. 57); and on motion by the Plaintiff, Charlie L. Richardson, ("Richardson") for summary judgment. (Doc. No. 53) For the reasons stated herein, the Court **GRANTS** the Defendant's motion for summary judgment.

### I. Findings of Fact

Richardson for a number of years held a teaching license issued by the State Board of Education (the "Board"). In April 1999, the Superintendent of Public Instruction gave official notice to Richardson that reasonable cause existed for the revocation of his license. The superintendent relied upon a prior determination by a United States magistrate judge that Richardson had anonymously sent vulgar and threatening letters to an assistant superintendent for the Cabarrus County Schools who was

1

a defense witness in a 1997 case brought by Richardson against the Cabarrus County Board of Education.

On November 5, 1999, Richardson received a hearing in front of an administrative law judge (the "ALJ"). At that hearing, attorney Travis Payne ("Payne") represented Richardson, and Linda Crumpler ("Crumpler") represented the North Carolina Department of Public Instruction (the "Department"). Also present at the hearing was Wilson, who advocated for the proposed revocation of the Plaintiff's license. As a staff attorney for the Board, Wilson's duties included initiating, investigating, and prosecuting such license revocation actions as Mr. Richardson's.

On April 11, 2000, the ALJ issued a Recommended Decision. (Exhibit J, p. 2-4). In the Recommended Decision, the ALJ concluded that Richardson engaged in "unethical" conduct and that such conduct "ha[d] a reasonable and adverse relationship to his continuing ability to perform any of his professional functions in an effective manner." Accordingly, the ALJ recommended that the license be revoked.

In June 2000, Wilson wrote to both Payne and Crumpler. (Exhibit J, p. 9). In the letter, Wilson informed Payne and Crumpler that each of them had the right under N.C.G.S.A. 150B-36 to file exceptions to the Recommended Decision and to present

written arguments to the Board before the it made its final decision. Wilson asked that he receive the exceptions and written arguments no later than July 10, 2000.

On or around July 10, 2000, Payne submitted to Wilson two exceptions to the recommended decision and a supporting memorandum, as well as two motions concerning the procedures to occur before the Board. (Exhibit J, p. 9-28). One of the motions sought permission to have Richardson and Payne attend the meeting of the Board in which the possible revocation of the license would be discussed, and the other of which requested Wilson be recused from any proceedings before the Board because Wilson had been actively involved with the "prosecution" of the recommendation to revoke the License. (Exhibit J, p. 29-33). According to Wilson, he submitted all of those documents to Special Deputy Attorney General Tom Ziko, who represented the State Board of Education. (Doc. No. 45).

In a meeting held on or around August 3, 2000, the Board voted to adopt the Recommended Decision without modification and to revoke the license. (Doc. No. 12). The minutes of that meeting reflect a comment made by Reverend Palmer, one of the Board members, that "the official record should reflect that Harry Wilson did not attend the closed session regarding this matter and did not participate as an advisor or participant in

3

the proceedings before the Board in this case." Mr. Wilson notified Mr. Richardson of the Board's decision by letter dated August 16, 2000.

On or around August 31, 2000, Richardson, who at the time was still represented by Payne, filed a Complaint against the North Carolina Department of Public Instruction and the Board in the North Carolina General Court of Justice, Mecklenburg County, Superior Court Division (the "State Complaint"). (Exhibit J, p. 66-71). In the State Complaint, Richardson sought review of the Board's decision and alleged that his rights under the North Carolina Constitution had been violated. Accordingly, Richardson sought reinstatement of his license, and compensatory damages in excess of $10,000.

In June 2001, Richardson filed a motion to amend the State Complaint. (Exhibit J, p 72-73). In the motion, Richardson asked, *inter alia*, to add a paragraph listing the ways in which the Board had "violated [his] fundamental constitutional rights." Among the ways listed were (1) the "failure and refusal of the State Board to address and rule upon motions filed by [Mr. Richardson] in a timely fashion," (2) the "failure of one or more members of the ... Board ... to review and consider the exceptions ... filed by [Richardson]," and (3) "allowing a member of the Attorney General's staff [Wilson], who works closely with

4

the Assistant Attorney General who had advocated for the proposed revocation of [Richardson's] teaching license before the [ALJ], to discuss and 'clarify' factual matters ... during the deliberations of the ... Board, without allowing [Mr. Richardson] ... to respond to representations about the facts .... "

On April 22, 2002, the State Court issued its decision on Richardson's action. (Exhibit J, 84-91). The court found that the administrative record contained no evidence that the Board ever ruled on Richardson's motion to appear before the Board or the motion to exclude from Wilson from any role or participating in the hearing or proceedings before the Board of Education, but that "the record does contain [Richardson's] exceptions ... and [his] brief in support of those exceptions." The court also found that there was no evidence that Mr. Wilson had any role or participated in the hearing ... or if he had a role, [Wilson's] participation violated [Richardson's] rights. Finally, the court found that "there is no law or regulation that required the State Board of Education to permit the petitioner to appear before the Board ...." The court concluded that "the State Board of Education did not violate Mr. Richardson's due process rights, or any laws or regulations and [Richardson] is not entitled to relief on this claim."

On or about October 8, 2003, Richardson, who was by then not

5

represented by counsel, filed the instant Complaint against Wilson in this Court (the "Federal Complaint"). (Doc. No. 1). The Federal Complaint asserts that the Defendant deprived the Plaintiff of procedural due process, in violation of 42 U.S.C. § 1983. Specifically, in the Federal Complaint, Richardson asserts that Wilson "deliberate[ly], intentional[ly], willful[ly], [and] without remorse sabotage[d] [Richardson's] teaching profession [by removing] exceptions and two motions ... for the [Board] to consider prior to [rendering] a [d]ecision."

Following the completion of discovery, both the Plaintiff and the Defendant both moved for summary judgment. (Doc. Nos. 53, 56). In particular, the Defendant has moved for summary judgment on the grounds that the Plaintiff, following discovery, has failed to offer any evidence from which a reasonable jury could conclude that the Defendant did not properly submit to the Board the Defendant's exceptions and supporting memorandum, and the two motions, thus violating the procedural duty described in N.C.G.S.A. 150B-36. The Defendant also has moved for summary judgment on the grounds that the federal claims are barred by *res judicata* and collateral estoppel, and that the Plaintiff has failed to show that any injury was caused by the Defendant's alleged procedural violations.

## II. Standard for Summary Judgment

Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual bases." Moore v. Brown, 215 F.3d 1320 (table), 2000 WL 691436, *4 (4th Cir.2000) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

Summary judgment is appropriate when, after the parties have had adequate time for discovery, in a properly supported motion the moving party demonstrates that there is "no genuine issue of material fact," and that it is entitled to judgment in its favor as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Such a motion may be supported by a party's affidavits, depositions, or other materials that provide evidentiary support for its claim. See Cadle Co. v. Hayes, 116 F.3d 957, 961 n. 5 (1st Cir.1997)("A party's own affidavit, containing relevant information of which he has first hand knowledge, may be self-serving, but it is nonetheless competent to support or defeat summary judgment."). When confronted with a motion for summary judgment, the nonmoving party must direct the court's attention to admissible evidence in the record from which a "fair-minded jury" could return a verdict in its favor. See Anderson, 477 U.S. at 252. The party cannot

7

rest merely on the allegations in its complaint, but must articulate "specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324, 106 S.Ct. at 2553 (quoting Fed.R.Civ.P. 56(e)). The "mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient" to avoid summary judgment. Anderson, 477 U.S. at 252. The "obligation of the nonmoving party is 'particularly strong when the nonmoving party bears the burden of proof.'" Hughes v. Bedsole, 48 F.3d 1376, 1381 (4th Cir.1995) (quoting Pachaly v. City of Lynchburg, 897 F.2d 723, 725 (4th Cir.1990)). If the nonmoving party responds satisfactorily, the motion for summary judgment shall be denied, and the case proceeds to trial. However, "where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." Anderson, 477 U.S. at 249 (citing Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 599, 106 S.Ct. 1363, 1356, 89 L.Ed.2d 538 (1986)). In resolving the motion, the Court shall view all evidence in the light most favorable to the non-moving party. Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir.1990). Courts are admonished not to evaluate the credibility of the witnesses, weigh the evidence, or resolve factual disputes. Anderson, 477 U.S. at 249. So long as the evidence in

the record is such that a reasonable jury drawing all inferences in favor of the nonmoving party could arrive at a verdict in that party's favor, the Court must deny the motion. Id.

### III. Analysis

In any § 1983 action, the plaintiff must prove two essential elements: (1) that the conduct complained of was committed by a person, and that person was acting under color of state law; and (2) that "this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981).

In the instant case, the gravamen of the Plaintiff's claim is that the Defendant deprived him of procedural due process by failing to properly submit to the Board the Defendant's exceptions to the recommended decision and supporting memorandum, as well as two motions concerning the procedures to occur before the board, in violation of N.C.G.S.A. 150B-36.[1]

---

[1] N.C.G.S.A. 150B-36 provides, in pertinent part:

(a) Before the agency makes a final decision, it shall give each party an opportunity to file exceptions to the decision made by the administrative law judge, and to present written arguments to those in the agency who will make the final decision or order. If a party files in good faith a timely and sufficient affidavit of personal bias or other reason for disqualification of a member of the agency making the final decision, the agency shall determine the matter as a part of the record in the case, and the

The Plaintiff alleges that he was told by Travis Payne, his attorney representing his state claim, that the Defendant admitted to Payne that he had removed the documents from Plaintiff's file before the proceeding. The Plaintiff (if given a generous benefit of the doubt) also may argue that a reasonable jury could infer that the Defendant did not file the exemptions and motions because there is no evidence in the Board's record that it ruled on the defendant's motions. (Exhibit J, p. 73).

In response, the Defendant asserts that he forwarded the documents to the board via Tom Ziko. (Doc. No 45). Defendant argues that, by the Plaintiff's own admission, the only evidence that supports the Plaintiff's claim that the Defendant did not properly submit the documents are the alleged statement by Travis Payne that the defendant "removed" them from consideration by the Board. (Exhibit O, p. 31:23-32:2). And such evidence, even when viewed in the light most favorable to the Plaintiff, is insufficient by itself to create a genuine issue as to the whether the Defendant properly submitted the Plaintiff's documents to the Board.

---

determination is subject to judicial review at the conclusion of the case.

A.  **Admissibility of Certain Evidence**

While this Court shall view the evidence in the light most favorable to the Plaintiff, as the non-moving party, this presumption does not allow the Court to consider inadmissible hearsay. See Fed R. Civ. P. 56; Md. Highways Contractors Ass'n v. Maryland, 933 F.2d 1246, 1251 (4th Cir.1991). In the instant case, the Court finds that the alleged statement by Payne is being offered to prove that Wilson did in fact fail to submit the documents to the Board, and thus it is inadmissible hearsay evidence. Moreover, the Plaintiff has failed to obtain deposition testimony or an affidavit from Payne. Therefore, Payne's alleged statement shall not be considered on a motion for summary judgment.

B.  **Sufficiency of the Defendant's Evidence**

Based on the evidence before it, the Court finds that the Plaintiff has not articulated specific facts to support his claim that the Defendant did not properly submit to the Board either the two exemptions and supporting memorandum, or either of his two motions concerning the procedures to occur before the Board.

### Exemptions

The Court finds the Plaintiff has not provided any admissible evidence to contradict the Defendant's sworn assertions that he submitted the Defendant's exemptions and

11

supporting memorandum to the Board. Moreover, the Court finds the Plaintiff has failed to offer any evidence to contradict the findings of the State Court that "the record does contain the [Defendant's] exceptions ... and [the Defendant's] brief in support of those exceptions."

**Motion to Recuse**

First, the Court likewise finds that the Plaintiff has not offered any evidence that the Defendant did not properly submit to the Board the Plaintiff's motion to recuse. Although the State Court found "no evidence that the State Board of Education ever ruled on [Richardson's] motion to exclude from Mr. Wilson from any role or participating in the hearing or proceedings before the State Board of Education," the State Court also found that there was no evidence that the Defendant participated in the hearing. Additionally, the minutes of the hearing reflect a comment by one of the board members that the Defendant did not participate in the hearing.

**Motion to Appear**

Finally, the Court finds that the failure of the Board to rule on the Plaintiff's motion to appear not create a genuine issue of material fact as to whether the Defendant forwarded the Plaintiff's documents to Ziko. Hence, the Plaintiff has failed to offer any evidence that the Defendant did not properly submit

12

to the Board the Plaintiff's motion to appear. Furthermore, the Court finds that the Plaintiff also has failed to offer evidence that the Defendant had a duty under N.C.G.S.A. 150B-36 to submit the motion to appear to the State Board of Education, as said statute does not provide the Plaintiff with a right to appear before the Board.

### IV. Defendant's Other Bases for Summary Judgment

As the Court has found that the defendant has not alleged material facts that would allows a reasonable jury to conclude that the Defendant did not properly submit the Plaintiff's documents to the Board, it need not reach the Defendant's other assertions that Plaintiff's claims are precluded by collateral estoppel and res judicata, or that there is insufficient evidence to show causation.

### V. Conclusion

In conclusion, the Court finds that the Plaintiff has not produced sufficient evidence to withstand the Defendant's motion for summary judgment. Rather, after assessing the evidence in a light most favorable to the Plaintiff, the Court finds he has failed to offer any admissible evidence that the Defendant failed to properly submit either the Plaintiff's exemptions and memorandum in supporting thereof, or the accompanying motions.

Thus, no reasonable juror could conclude that the Plaintiff engaged in the conduct alleged in the complaint.

**THEREFORE, IT IS HEREBY ORDERED** that

1. the Defendant's motion for summary judgement is **GRANTED;**

2. the Plaintiff's motion for summary judgment is **DENIED;** and

3. the Plaintiff's case against the defendant is **DISMISSED.**

**Signed: November 30, 2005**

Robert J. Conrad, Jr.
United States District Judge