UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:03-cv-491

| CHARLIE L. RICHARDSON, | ) | |
|---|---|---|
| Plaintiff, | ) | MEMORANDUM AND ORDER |
| v. | ) | |
| HARRY E. WILSON, | ) | |
| Defendant. | ) | |

On November 30, 2005, this Court granted Defendant Harry Wilson's motion for summary judgment on pro se Plaintiff Charlie Richardson's § 1983 claims and dismissed Richardson's case. Specifically, the Court concluded that Richardson had presented no evidence in support of his central allegations (i.e., that Wilson, a staff attorney for the State Board of Education, failed to properly submit to the Board Richardson's exceptions to the recommended decision regarding his teaching license, as well as two motions concerning the procedures to occur before the Board). (See Doc. No. 84). The Court denied Richardson's subsequent Motions for Reconsideration.

Some nine months later, Richardson filed motions under Fed. R. Civ. P. 59 and 60(b) asking this Court to reopen his case and to sanction both the defendant and his counsel.[1] For the following reasons, the Court concludes that, even under the lenient standard afforded pro se litigants, Richardson has not demonstrated that he is entitled relief from judgment.

---

[1] These documents include Richardson's Motion to Amend Judgment and Addendum (Doc. Nos. 95 and 96), two Motions for Reconsideration Pursuant to 60(b) (Doc. Nos. 97 and 98), his Motion to Reconsider Request for Sanctions against the Defendant (Doc. No. 99), and a "Motion for a Rule 59 Conference Call or Hearing" (Doc. No. 100). Because Richardson failed to file his Rule 59 motions within the proper time period, that is, within 10 days after the entry of judgment, the Court will treat them as having been brought under Rule 60. See Gleash v. Yuswak, 308 F.3d 758 (7th Cir. 2002) ("courts give effect to the substance of a document and not to its caption.") (citations omitted).

DISCUSSION

1.  Applicable Law

Federal Rule of Civil Procedure 60(b) provides, in part, that, "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order or proceeding . . . ." A party seeking relief under Rule 60(b) must make a showing of timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances. Werner v. Carbo, 731 F.2d 204, 206 (4th Cir. 1984); Park Corp. v. Lexington Ins. Co., 812 F.2d 894, 896 (4th Cir. 1987). Should these threshold requirements be met, the moving party must proceed to satisfy one or more of the rule's six grounds for relief from judgment, which include (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Cf. Werner, 731 F.2d at 207 ("these grounds for relief often overlap, and it is difficult if not inappropriate in many cases to specify or restrict the claim for relief to a particular itemized ground"). The party moving for such relief "must clearly establish the grounds therefore to the satisfaction of the district court," and such grounds "must be clearly substantiated by adequate proof." In re Burnley, 988 F.2d 1, 3 (4th Cir. 1992) (citations omitted).

2.  Analysis

The Court finds that, given both the nature and circumstances under which Richardson seeks

Rule 60(b) and the liberality with which pro se pleadings are construed, Richardson has satisfied the threshold requirements of Rule 60(b), and it will proceed to the merits of whether Richardson deserves relief under Rule 60(b).

Richardson does not identify under which of the six enumerated Rule 60(b) grounds he seeks relief. Construing his allegations as favorably as the record permits, it appears that he seeks relief under subsection (2), on the ground that there is "newly discovered evidence"[2]; under subsection (3), on the grounds that the defendant and his attorney have committed continuing fraud on both him and the Court[3]; and under subsection (6), the catchall provision, on the grounds that there is evidence of a continuing conspiracy to deny Richardson his teaching license." [4]

    (a)    <u>Relief under 60(b)(2) for Newly Discovered Evidence</u>

In order to obtain relief under 60(b)(2), a movant must demonstrate that: (1) the evidence is newly discovered since the judgment was entered; (2) due diligence on the part of the movant to discover the new evidence has been exercised; (3) the evidence is not merely cumulative or

---

[2] Specifically, that there is evidence of multiple violations of the North Carolina Administrative Code (concerning license suspension and revocation. <u>See</u>, e.g., (Doc. No. 95, ¶ 2) ("There was never a written request from the local school system requesting that the commence action in the revocation of Plaintiff's teaching license."); and (Doc. No. 96, ¶ 4) (the "Petitioner's teaching license [was] revoke[d] without proper authority.").

[3] <u>See</u>, e.g., (Doc. No. 97, ¶ 2) (Counsel for the Defendant . . . on August 20, 2006 . . . in an action stemming from this claim . . . by Order of the Administrative Law Judge was removed, in posing illegally as counsel, for Harry E. Wilson . . . ."); (<u>Id.</u> at ¶ 4) (The defendant's counsel "as of to date [sic] has not notified or withdrawn as counsel of the Defendant . . ."); (Doc. No. 98, ¶ 6) ("The Defendant . . . and his counsel . . . have committed perjury by concealing their job position titles and lying to this Court referencing their job position."); (Doc. No. 99, ¶ 2) (The defendant's counsel "stated to the Administrative Law Judge that the Defendant . . . was her good friend and knew that she was violating the law and violating the ethical code of conduct . . . but she continued to do so."); (Doc. No. 99, ¶ 8) ("Defendant's counsel . . . took it upon herself and without Plaintiff's permission[,] called this Court and according to the Court Reporter changed Plaintiff's Trial from a Trial by Jury to a Bench Trial.").

[4] <u>See</u>, e.g., (Doc. No. 96, ¶ 1) ("[Defendant's] counsel agreed on August 14, 2006 . . . to have all necessary documents of his application reinstatement . . . To be available for inspection with a member of the Licensure Section . . . ."); (<u>Id.</u> at ¶ 5) ("[The] reinstatement files were found to have been stripped of any new information . . . The 2006 Ethics Committee file was missing as well, and no supporting documents on behalf of the petitioner were present in the file."); (<u>Id.</u> at ¶ 9) (Something smell[s] dirty about the way [the plaintiff's] teaching reinstatement application have been denied since documents supporting Petitioner were intentionally removed and stripped from the file . . . .").

3

impeaching; (4) the evidence is material; and (5) the evidence is such that is likely to produce a new outcome if the case were retried, or is such that would require the judgment to be amended. Boryan v. United States, 884 F.2d 767, 771 (4th Cir. 1989) (citation omitted).

The absence of any evidence in support of his assertions notwithstanding, the Court finds that Richardson has failed to meet his burden under Rule 60(b)(2) for at least two additional reasons. First, he has failed to show that any alleged "newly discovered evidence" (i.e., that Harry Wilson and his attorney never received a written request from the school district) could not with reasonable diligence have discovered and produced prior to this Court's ruling in November.[5] Second, the Court finds that Richardson has failed to describe how his proffered evidence is relevant to the central allegations in his complaint.[6] Consequently, the Court finds the "newly discovered evidence" was not "of such a material and controlling nature as [would] probably [have] changed the outcome" of Richardson's case. Schultz v. Butcher, 24 F.3d 626, 631 (4th Cir. 1994).

(b)     Relief Under Rule 60(b)(3) for Fraud

In order to obtain relief under Rule 60(b)(3), a moving party must "prove misconduct by clear and convincing evidence" and establish that "the misconduct prevented the moving party from fully presenting its case." Schultz v. Butcher, 24 F.3d 626, 630 (4th Cir. 1994). The evidence presented in a Rule 60(b)(3) motion need not alter the outcome of the proceeding in order to warrant a new trial. Id.

---

[5]Indeed, this is the sort of information routinely obtained through an interrogatory or other basic discovery mechanisms. While pro se litigants are afforded some procedural leniency and appropriate opportunities to produce what evidence they can to support their legal theories, it remains their burden to conduct the necessary discovery.

[6]Plaintiff's allegation that Harry Wilson deprived Mr. Richardson of his procedural due process right specifically by failing to properly submit to the Board the Defendant's exceptions to the recommended decision and supporting memorandum, as well as two motions concerning the procedures to occur before the Board.

The gist of Richardson's allegations is that the defendant and his counsel have committed fraud upon both the Court and him by "committing perjury" by "concealing their job position titles and lying to this Court" and others, "fully aware . . . such activity . . . poses a conflict of interest and probab[ly] a violation of the law."

Other than his interpretation of the (undocumented) ruling by the Administrative Law Judge, however, Richardson has failed to make any showing, much less any clear and convincing showing, that there indeed was anything unlawful in defendant's counsel's representation of her client at the time this matter was before this Court, or if there were, that either (1) the misconduct prevented Richardson from fully presenting his case, or (2) it was the type of fraudulent activity, "such as bribery of a judge or juror, or improper influence exerted on the court by an attorney, in which the integrity of the court and its ability to function impartially is directly impinged." Great Coastal Express v. Int'l Bhd. of Teamsters, 675 F.2d 1349, 1356 (4th Cir. 1982).[7]

(c)  Relief under 60(b)(6)

A motion under 60(b)(6) shall be granted only upon the movant's showing "extraordinary circumstances." Klapprott v. United States, 335 U.S. 601, 613 (1949); Reid v. Angelone, 369 F.3d 363, 370 (4th Cir. 2004). The burden is on Richardson to show that extraordinary circumstances exist and "the material offered in support of his Rule 60(b)(6) motion must be highly convincing." Holland v. Virginia Lee Co., Inc., 188 F.R.D. 241, 252 (W.D.Va. 1999) (internal quotations omitted).

Here, Richardson has offered no evidence in support of his own sweeping statements (largely

---

[7]With regard to Richardson's allegation that Wilson's counsel "changed Plaintiff's Trial from a Trial by Jury to a Bench Trial," when the Court erroneously scheduled a jury trial in this case, Wilson's counsel merely called the Court's deputy clerk inform to the Court that Richardson, in fact, has never properly demanded a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure. (See Doc Nos. 60, 61 and 62).

concerning events that allegedly took place after judgment was entered in this case) that there was a conspiracy to revoke his teaching license. He thus has made no showing, much less any highly convincing showing, that the Court should re-open this matter on the grounds that there is/was a conspiracy to keep his teaching license from being reinstated.

CONCLUSION

**THEREFORE, IT IS HEREBY ORDERED** that all of Plaintiff's Motions (Doc. Nos. 95-100) be **DENIED.**

Signed: March 30, 2007

Robert J. Conrad, Jr.
Chief United States District Judge