# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:03-CV-491-RJC-DCK

| | |
|---|---|
| CHARLIE LEE RICHARDSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| HARRY E. WILSON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion To Deny The Defendant's Objection To Plantiff's [*sic*] Subpoena And Plaintiff's Requests A Scedule [*sic*] Hearing For Court Order" (Document No. 114) filed October 30, 2008. To date, Defendant has not filed a response and the time to do so has lapsed. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b) and is now ripe for review. Having considered the argument, the record, and the applicable authority, the undersigned will <u>deny</u> Plaintiff's motion.

After careful review, the undersigned has determined that Plaintiff's motion should be construed as one to compel Defendant to respond to Plaintiff's October 17, 2008 subpoena (Document No. 114-2), and as a motion for a hearing.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a litigant is not entitled to conduct discovery that is intended to harass, annoy, embarrass, oppress or, that causes undue burden or expense to the opposing party. See Fed.R.Civ.P. 26(c).

Whether to grant or deny a motion to compel is generally left within the district court's broad discretion. See, Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting district court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

Under the circumstances of this case, the undersigned has decided that Plaintiff's motion should be denied. As previously noted by this Court, this case was closed on December 12, 2005, and multiple motions to reconsider have since been denied. See "Order Denying Plaintiff's Motions" (Document No. 108). More recently, the Plaintiff appealed that order (Document No. 108) to the Fourth Circuit Court of Appeals, which subsequently dismissed Plaintiff's appeal in an unpublished *per curiam* opinion on June 24, 2008. Richardson v. Wilson, 282 Fed. Appx. 234, 2008 WL 2511736 (4th Cir. June 24, 2008). The Fourth Circuit determined without oral argument that Plaintiff's motion was not timely filed.

Plaintiff now suggests that he is seeking to appeal the Fourth Circuit's decision to the United States Supreme Court. Plaintiff, however, has not articulated good cause for the information requested in his subpoena or the relevance of such information to an appeal to the United States

2

Supreme Court. Furthermore, Plaintiff's current motion makes no argument as to the need for a hearing, and the undersigned sees no benefit in such a hearing.

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion To Deny The Defendant's Objection To Plantiff's [*sic*] Subpoena And Plaintiff's Requests A Scedule [*sic*] Hearing For Court Order" (Document No. 114) is **DENIED**.

Signed: December 1, 2008

David C. Keesler
United States Magistrate Judge